## AMERICAN PIANO COMPANY

### *vs.*

### ERNEST J. KNABE, JR., ET AL.

*Lease: sale of reversion; effect of payment of part of rent as
part of consideration; no badge of fraud.*

After the execution of a lease for a term of 21 years for
$7,500 per annum to a corporation, the lessors conveyed the
reversion for the sum of $8,500 to a grantee, who in considera-
tion thereof further bound himself to pay to the grantors the
annual sum of $1,000 out of the rent reserved under the lease.
The grantors of the reversion had, at the time of the lease, been
the president and director respectively of the lessee corpora-
tion; some years after this conveyance of the reversion, the les-
sees filed a bill of complaint, alleging that they had just learned
of the conveyance of the reversion and the agreement therein
in reference to the payment by the grantee to the original les-
sors of a portion of the rent reserved in the lease, and charged
in the bill that the rent which the lessees were required to pay
had been fixed at an excessive amount by the lessors while act-
ing in their dual capacity of owners of the leased property
and president and director of the lessee company, and charged
that in thus securing personal profit and advantage for them-
selves, at the expense of the lessee corporation, they had prac-
ticed a fraud upon its rights, which rendered the lease void, at
least to the extent of the rent which they had reserved for
themselves, etc., etc., and praying for proper relief. On appeal
from an order dismissing the bill, it was held that neither by
argument or by evidence had there been adduced any sufficient
ground upon which to invalidate the lease.                    p. 115

*Decided June 27th, 1917.*

Appeal from Circuit Court No. 2 of Baltimore City. (BOND, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

The facts are stated in the opinion of the Court.

*R. E. Preece* and *S. S. Field,* for the appellant.

*Chester F. Morrow* and *Alfred S. Niles* (with whom were *Carlyle Barton* and *Bartlett, Poe & Claggett* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

The American Piano Company is the lessee of a lot of ground and mercantile building, situated at the southwest corner of Park avenue and Fayette street in the City of Baltimore, under a lease dated December 29, 1908, and executed by the appellees, Ernest J. Knabe, Jr., and William Knabe, who were at that time the owners of the fee in the property. The lease is for a term of twenty-one years beginning January 1st, 1909, and it provides for a rental of $7,500 per annum to be paid by the lessee in addition to taxes, water rent and other assessments, and the costs of insurance and repairs. There is a recital in the lease that the demised property was already in the possession of the lessee as the assignee of a pre-existing lease from the same reversioners to the William Knabe & Company Manufacturing Company, dated January 2, 1908, and that it was the desire of the parties to the new lease that it should be executed in substitution for the one previously in force. The provisions of the two leases were the same as to the rent and other charges to be paid by the lessee and also as to the duration of the leasehold terms they respectively created. At the time of the execution of the substituted lease to the American Piano Company, the appellee, Ernest J. Knabe, Jr., was the presi-

dent of that corporation, and he executed the lease both in his official capacity on behalf of the lessee company, and in his individual interest as one of the lessors. By a deed, bearing the same date as the new lease, the reversion in the property was conveyed by the lessors to Mr. Theodore Marburg, in consideration of $85,000 to be paid by the grantee, and the agreement on his part to pay to the grantors annually $1,000 of the rent to be received by him under the lease. The terms of the purchase were not set forth in the deed, only a nominal consideration being therein stated. In March, 1915, the lessee corporation filed the pending bill of complaint alleging that it had just learned of the agreement in reference to the payment by Mr. Marburg to Ernest J. Knabe, Jr., and William Knabe of a portion of the rent for which the lease provided, and charging in effect that, with a view to such agreement, the rent which the company was required to pay had been fixed at an excessive amount by the Messrs. Knabe, while acting in the dual capacities of owners of the leased property and president and director, respectively, of the lessee company, and that in thus securing personal profit and advantage for themselves at the expense of the corporation, they practiced a fraud upon its rights which renders the lease void, at least to the extent of the rent which they reserved for their own benefit. The answers emphatically denied the allegations of fraud, and asserted that the rental, for which the lease to the American Piano Company makes provision, is fair and reasonable, and that the reservation to the lessors of $1,000 of the annual rent, as part of the consideration for the sale of the reversion to Mr. Marburg, has resulted in no prejudice whatever to the lessee's interests.

Upon the evidence in the record we fully agree with the conclusion of the Court below that the charge of fraud has not been sustained. There is no dispute in the testimony as to the salient facts in the case, and these are wholly inconsistent with the theory that the Messrs. Knabe abused

their official relationship with the lessee corporation for their own advantage, or that any fraud upon it in respect to the lease in question was in fact committed. The rent which the company agreed to pay under the substituted lease of December 28, 1908, was the same in amount as the rent it had been paying as the tenant under a prior lease which antedated its organization. There is nothing in the Record to show that the formation of the American Piano Company was even thought of when the preceding lease was executed in January, 1908. The Messrs. Knabe were at that time not only the owners individually of the leased property, but were also in control of the Wm. Knabe & Company Manufacturing Company, to which the lease was then made upon terms identical with those now prevailing. There is no reason to suppose that the persons who thus had the same concern in the lease with respect to both the contracting interests had any disposition to stipulate for an exorbitant rental. According to the weight of the evidence upon the subject, we think it is fairly well established that the rent is not in fact excessive. It has been paid for more than six years by the present lessee without any suggestion that the amount is not reasonable and proper. During the greater part of that period neither of the Messrs. Knabe has been in a position to direct the affairs of the American Piano Company or to interfere, if they had been so inclined, with its right to question the propriety of their action, when serving as its officers, in assenting to the terms of rental of which the company now complains. If the reversion had not been sold, or the Messrs. Knabe had continued to sustain the relation of lessors, we should not be justified, upon the evidence, in relieving the lessee of the payment of any part of the rent on the ground that it had been unfairly imposed.

The execution of a new lease direct to the American Piano Company, in substitution for the one they held by assignment from the Knabe & Company, was due to the fact that Mr. Marburg, who was about to purchase the reversion from

the Messrs. Knabe, desired to take it subject to a lease under which the tenant then in possession would be obligated as an original party to the instrument, and not as a mere assignee. While the substituted lease was executed for the lessee company by Ernest J. Knabe, Jr., as its president, his act was formally ratified by its directors by a resolution in which the lease was expressly approved. As the owners of the reversion in the leased property the Messrs. Knabe held an interest which was distinct from that of the lessee corporation, and which they had an undoubted right to sell and convey. The consideration for such a sale was a matter with which the lessee was not concerned so long as its own interests were not affected. It was competent for the reversioners to sell their estate for any amount upon which they and the purchaser might agree. The price which they proposed to Mr. Marburg was over $100,000, but it was finally agreed that he should pay $85,000 outright and $1,000 of the rent annually. If the sale had been made for a single sum equal to the aggregate amounts of the original and rental payments just mentioned, it is probable that no question would have been raised as to the propriety of the agreement. The mere fact that part of the consideration was to be paid in annual instalments, out of the rent received by the grantee, could not possibly prejudice the lessee company's interests. Its obligations and its rights have remained wholly unaffected.

A review of the testimony in any detail would serve no useful purpose. The controlling facts have been stated, and the evidence and arguments presented in support of the theory upon which the suit is based have been thoroughly considered. There is, in our judgment, no sufficient ground upon which to invalidate the lease or the agreement under investigation, or to doubt the propriety of the conduct and motives of any of the parties who participated in the execution of those instruments.

*Decree affirmed, with costs.*